### RACINE v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. RAILROADS—ACCIDENT AT CROSSING—NEGLIGENCE—EVIDENCE.

In an action against a railroad company for killing plaintiff's husband at a grade crossing, plaintiff's witnesses (for the most part disinterested) testified positively that no whistle was sounded or bell rung on approaching the crossing. Defendant's witnesses, equally entitled to be believed, testified positively to the contrary. *Held*, that judgment for plaintiff would not be disturbed.

2. DAMAGES—AMOUNT.

Deceased at the time of his death was 21 years old, in good health, and engaged in operating a milk wagon. He was sober and industrious, and had a wife and infant son. *Held*, that a verdict for $6,000 was not excessive.

Appeal from trial term, Orange county.

Action by Jennie Racine, as administratrix of Truman Racine, deceased, against the Erie Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry Bacon (Joseph Merritt, on the brief), for appellant.
Thomas Watts, for respondent.

PER CURIAM. The plaintiff is the widow of one Truman Racine, who was killed in a grade-crossing collision, by an engine of the defendant, while engaged in driving a milk wagon along Washington street, in the city of Middletown. The defendant's answer admitted the formal averments of the complaint, as well as the collision and the subsequent death of plaintiff's intestate; and upon the

trial the learned court practically restricted the jury to the question of the manner of operating the train,—whether the usual and customary signals were given on approaching the crossing where the accident occurred, in so far as the negligence of the defendant was concerned. Upon this point there was a clear and distinct conflict of evidence, which the jury has resolved in favor of the plaintiff, and with this conclusion this court does not feel justified, under the circumstances, in interfering. The plaintiff's witnesses were for the most part disinterested. Their testimony that the whistle was not sounded on approaching the crossing, and that the bell was not rung, is positive and direct, and is supported by the surrounding facts; while the witnesses for the defendant are equally direct and positive, and, so far as we are able to judge, equally entitled to be believed. The jury system is designed to determine upon the credibility of witnesses and the weight to be given to their testimony, and this court will not interfere, except to prevent a manifest miscarriage of justice. There was also a conflict of evidence, though not so distinct, upon the question of a lack of contributory negligence on the part of plaintiff's intestate; and the jury has found this fact, likewise, in favor of the plaintiff.

The only other question involved is the amount of the damages. The deceased was about 21 years of age, and was at the time of his death in good health, and engaged in operating a milk wagon. He was sober and industrious, and had a wife and one child,—an infant son. The verdict for $6,000 is not so unreasonable as to force the conviction that the jury strayed from a fair consideration of the evidence, and we conclude, therefore, that the judgment should be affirmed.

The judgment and order appealed from should be affirmed, with costs.